Filed 6/23/16  P. v. Campbell CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B266272 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA094256) |
| v. | |
| ROBERT DAVID CAMPBELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Darrell Mavis, Judge.  Affirmed.

Joseph R. Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \*

Defendant Robert David Campbell was charged by information with one count of inflicting corporal injury corporal injury to a child (Pen. Code, § 273d, subd. (a)), with a great bodily injury enhancement (§ 12022.7, subd. (a)). Defendant was convicted by jury, and the special allegation was found true. Defendant was sentenced to the midterm of four years, and a consecutive three years for the enhancement. Defendant filed a timely notice of appeal.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. Defendant filed a supplemental brief with this court arguing that he received ineffective assistance of counsel because his trial counsel: (1) "gave evidence to the D.A. early that he was planning to use to impeach witness 'Sarah [L.]' "; (2) did not object when the prosecutor engaged in misconduct by showing the witness the impeachment evidence in advance of her testimony; (3) did not object when a police officer testified as an expert concerning drug and alcohol use, and testified that various witnesses did not appear to be under the influence of alcohol or drugs; and (4) did not seek a mistrial following an outburst by a member of the audience in the presence of the jury. Finding no arguable appellate issues, we affirm defendant's judgment of conviction.

## BACKGROUND

On August 4, 2014, Hunter M. was 16 years old. That day, he was socializing with friends at his house. One of his friends, Sarah L., missed her ex-boyfriend, Richard. She and Hunter decided to drive to Richard's house in Alhambra so Sarah could talk to Richard. Hunter and Richard had never met before. When they arrived at Richard's house, Sarah was nervous, so Hunter knocked on the front door while Sarah waited in the car. When Richard answered the door, Hunter told him that Sarah wanted to talk to him. Hunter walked towards his car, and Richard followed behind him. However, before reaching Hunter's car, Richard said "F' this," and walked back inside the house. Hunter was a "little confused" and continued walking to his car, which was parked on the street.

When Hunter reached the sidewalk, Richard's father, defendant, came out of the house and said "Hey . . . what are you doing here?" Hunter told defendant he was there

so Sarah L. could speak with his son. Defendant walked up to Hunter and started choking him. Hunter "blacked out." When he woke up, he was on the sidewalk with blood dripping down his face. He had a headache and was disoriented. Hunter sustained multiple facial fractures and required surgery to repair them.

During cross-examination, Hunter denied he had been drinking alcohol that day. When asked if Sarah had been drinking, Hunter responded that he did not know. He was not aware of any postings Sarah made on Facebook about being drunk that day.[1]

Alhambra Police Detective Robert Lopez spoke with defendant at the police station. Defendant told Detective Lopez that an unknown male showed up at his door, wanting to see his son, and defendant thought the male wanted to beat up his son.

Detective Lopez also spoke with Hunter and Sarah at the scene, and neither of them appeared to be under the influence of any drugs or alcohol. Detective Lopez is a Drug Recognition Expert, and has special expertise concerning "the signs and symptoms of being under the influence of alcohol or drugs."

While Detective Lopez was testifying, there was an "interruption" noted in the court reporter's transcript. The jury was excused, and the court queried the person who had interrupted the proceedings. Ana Flores, the mother of defendant's girlfriend, told the court that defendant "is a woman-beater, a threat to society. He has threatened me in the past . . . ." Ms. Flores also reported that defendant had beaten her daughter several times and put her in the hospital.

Apparently, before the jury was excused, Ms. Flores mentioned that defendant should receive "nine years" in prison. The court ordered Ms. Flores and her daughter to

---

[1]    Later during the trial, outside the presence of the jury, the prosecutor indicated that this was the first she had heard of any Facebook postings, and she was concerned that defense counsel had not disclosed them during discovery if he intended to use them at trial. Defense counsel stated that he was not obligated to disclose materials he intended to use for impeachment. The court indicated that because counsel had already made reference to the impeachment evidence during his cross-examination of Hunter, that he should share it with the prosecutor. Defense counsel stated that he did not "have a problem with that."

not enter the courtroom for the remainder of trial. Defense counsel never expressed any concern about whether the jury had overhead the comments, and did not request an admonition or mistrial. The following day, the prosecutor requested an admonition to disregard the incident. The court admonished the jury to "disregard anything that was said or done in the audience." All of the jurors agreed to follow the instruction.

Sarah testified that she was 15 at the time of the incident. She admitted that she drank "some shots" of alcohol on the morning of the incident, and that she was drunk that morning. She testified consistently with Hunter's account, and testified that she saw defendant grab Hunter's chin, and punch him in the face. During cross-examination, defense counsel confronted Sarah with a Facebook posting where she admitted to being drunk on the day of the incident.

Defendant, defendant's son, and defendant's nephew all testified that Hunter was the aggressor, and had tried to hit defendant first. Defendant admitted that he punched Hunter in the face.

## DISCUSSION

Defendant has failed to raise any arguable appellate issues in his supplemental brief. Defendant's contentions are not supported by any law, or to any citations to the record. "Where a point is raised in an appellate brief without argument or legal support, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citation.]" (*People v. Murray* (2008) 167 Cal.App.4th 1133, 1143.) Defendant's failure to provide citations to the record, legal argument, or authority forfeits these issues on appeal. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1029; *People v. Meyer* (1963) 216 Cal.App.2d 618, 635.)

Notwithstanding defendant's failure to support the claims of error in his supplemental brief, we have examined the entire record, and based on our independent review, we are satisfied that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra* 25 Cal.3d 436.)

In order to demonstrate ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that

4

he was prejudiced by counsel's performance. (*People v. Mitchell* (2008) 164 Cal.App.4th 442, 467.) Defendant has completely failed to meet this burden. The record does not support defendant's claim that counsel wrongly disclosed impeachment evidence to the prosecutor, or that the prosecutor engaged in any misconduct. The prosecutor learned of the evidence when defense counsel cross-examined Hunter. She was free to question Sarah about the anticipated impeachment evidence.

Also, the failure to object to Detective Lopez's testimony about Sarah's and Hunter's state of impairment was not error. (*People v. Mitchell*, *supra*, 164 Cal.App.4th at p. 467 [The failure to object does not constitute ineffective assistance of counsel].)

Lastly, that counsel did not seek a mistrial following an outburst by a member of the audience does not constitute ineffective assistance of counsel. No possible prejudice could result from the statement, as the jury was admonished to not consider it. It appears defendant believes the court considered the outburst during sentencing, but the record makes clear the court did not rely on the outburst when it sentenced defendant.

### DISPOSITION

The judgment is affirmed

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

5